REVISED OPINION
LEVY, Judge.
We withdraw the Opinion dated September 12, 1989, and substitute in its stead the following:
As a part of dissolution proceedings, respondent husband and husband’s professional association (P.A.) challenge a non-final order authorizing an earlier-appointed receiver “to take over total and complete operation of the business portions” of husband’s P.A. We affirm.
After seventeen years of marriage, ap-pellee wife petitioned the trial court for a dissolution of marriage and other relief. In addition to the wife’s request for custody of and support for the couple’s four minor children and her request for alimony, she also claimed an interest in her husband’s ophthalmological P.A., alleging that the husband was the sole shareholder, that the P.A. was his alter ego, and that the P.A. held considerable real and personal property which had been generated and derived as a result of, and during, the marriage and, to this end, she joined the P.A. as a named “defendant.” While he was appealing certain awards to the wife of temporary alimony and child support, the husband moved for the appointment of a “receiver”. His motion listed certain assets. Conspicuous in its absence from this list, however, was the husband’s P.A., and, noting this absence, the wife objected on the ground that excluding the P.A. from the receiver’s reach allowed the husband to control the P.A.’s very considerable earnings and to continue his alleged practice of intentionally reducing the salary that he received from the P.A., thereby reducing the funds available to him to meet his support obligations.
In granting the husband’s motion, the court appointed attorney Marwin S. Cassell as temporary receiver, for a period of three months, of those assets which the husband had listed, as well as of other assets of the husband, including the P.A. Under this order, the husband was to continue to operate the P.A. “in [the] ordinary course of business” while the receiver was to have “sole control of all withdrawals of funds from the P.A.” and “sole authority to write checks on [the P.A. account] and [to] pay all temporary awards as have been determined by the Court.” By this order the receiver was also charged with the responsibility of advising the court through his Interim Report of “[t]he extent, if any, to which he would recommend any changes or economies in the management or operation” of the P.A. The receiver’s ten-page report did in fact recommend certain changes in the P.A., and, at the hearing on the report, the receiver related numerous abuses of the P.A. by the husband, including the P.A.’s acquisition of the condominium office space it leased and the transfer of same to husband’s brother, Miguel Ugarte, upon questionable and minimal consideration. Portions of the rentals paid by the P.A. had formerly been used to pay for the schooling of the couple’s children. The trial court thereafter ordered Mr. Cas-sell to remain as receiver, continued the effect of the prior orders regarding the receivership, and “expanded” the receiver’s responsibilities by empowering him, inter alia, “to take over total and complete operation of the business portions ” of the *252 P.A., “to handle all income and expenses for the P.A.,” “to hire and fire as he sees fit and make any other business adjustments that are necessary, and [to] take any steps he deems necessary to improve the running of the professional association” (Emphasis supplied). The receiver was neither directed nor empowered to take any steps involving the actual dispensing of professional services.
The matter at hand is susceptible to a simple and straightforward solution. The husband’s request for the appointment of a “receiver” appears to have come about in furtherance of the husband’s efforts to convince the court that he lacked sufficient financial resources to comply with earlier court orders requiring him to make temporary alimony and child support payments to the wife. The husband argues that what he was seeking was to have the court appoint someone who could, in effect, monitor and oversee the manner in which the husband was running the P.A. Apparently, the husband felt that he could avoid being cited for contempt, for failing to comply with the temporary alimony and child support payments, by convincing the court appointed “receiver” that the P.A. was being run as effectively and appropriately as it could be, but was still not yielding enough income to the husband to comply with the court ordered payments. Assuming ar-guendo that this was the husband’s intention, the fact remains that the husband did not petition the court to appoint an accountant or an auditor to oversee the husband’s running of the business. Rather, the husband petitioned the trial court to appoint a “receiver”. There is a difference. While the husband sought to keep his P.A. out of the reach of the “receiver”, the trial court, upon the wife’s objection, gave the husband the “receiver” he himself had requested and, in order to protect the husband’s spouse and children, quite properly brought the P.A. under the receiver’s aegis. The husband cannot be heard to complain that he received that which he requested. Further, upon report of the husband’s abuses of the P.A., and.with its gaze fixed upon the husband’s efforts to shunt his income away from his family, the trial court found it necessary to expand the receiver’s role as the husband sought new ways to reduce his personal income from the P.A. and to thereby deprive his wife and children of sustenance.
The husband’s argument that the court-appointed and court-supervised, receiver is not a proper person to make business decisions, in regard to the running of the P.A., is without merit. This is particularly true when the very concept of the court appointing a “receiver” not only originated with the husband, but came about as a direct result of the husband’s specific request for just such an appointment. This fact, when coupled with the reality that the “receiver” appointed in this case will only be involved in the “business portions” of the P.A., demonstrates the mootness and inapplicability of the paper issue raised by the husband concerning the propriety of having an attorney appointed as a “receiver” for a P.A. whose function is to render professional services in the area of ophthalmology. In essence, the husband got just what he asked for, to-wit: a “receiver”.
Since this Opinion deals solely with the facts of this case, and the issues raised therefrom, we need not consider nor discuss all of the potential situations or circumstances in which a receiver might or should be appointed in matrimonial cases, particularly those cases where the actual appointment of a receiver is, itself, contested between the parties. In this case, as noted above, the husband requested the appointment of a receiver and the wife agreed to the appointment of a receiver. Accordingly, the question of whether or not a receiver should have been appointed in the first place was never raised or argued below and, consequently, we express no opinion thereon.
Affirmed.